**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

TERI FREUND, *on behalf of herself*
*and all others similarly situated,*

    Plaintiff,

v.

CREDIT CONTROL SERVICES, INC.
*a Delaware Corporation,*

    Defendant.
_____/

## CLASS ACTION COMPLAINT

1. Plaintiff alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*.

3. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

4. Plaintiff, Teri Freund, ("Plaintiff") is a natural person, and citizen of the State of Florida, residing in Saint Lucie County, Florida.

1

5. Defendant, Credit Control Services, Inc., ("Defendant") is a Delaware Corporation and is engaged in the business of collecting consumer debts, which operates from offices located at 725 Canton Street, Norwood, MA 02062.

6. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts.

7. Defendant is licensed in Florida as a consumer collection agency, license name Credit Control Services, Inc., doing business as Credit Collection Services, license number CCA9902464.

8. Defendant regularly collects or attempts to collect consumer debts for other parties. Defendant is a "debt collector" as defined by the *FDCPA*.

9. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect a consumer debt from Plaintiff arising from a medical debt. The debt was incurred primarily for personal, household or family use. The debt was not incurred for any commercial purpose.

11. On or about September 9, 2016, Defendant mailed Plaintiff a demand letter seeking payment of an alleged debt. (The "Demand Letter" is attached hereto as "Exhibit 1").

12. The Demand Letter states in part:

> If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

13. The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

2

14. *15 U.S.C. §1692g(a)* states:

> Validation of debts.
>
> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period **that the debt, or any portion thereof, is disputed**, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

15. Defendant's omission of the phrase that the Plaintiff may dispute the debt or any portion thereof of the debt, as stated in *15 U.S.C. § 1692g(a)(4)* is a violation of the *FDCPA*.

16. *15 U.S.C. § 1692e(10)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

3

> xxxx
>> (10) The use of any false representation or means to collect or attempt to collect a debt or to obtain information concerning a consumer.

17. The Defendant's Demand Letter is misleading and confusing and therefore a violation of *15 U.S.C. § 1692e(10)*.

18. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS

19. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the State of Florida (ii) to whom initial communication letters were mailed, delivered or caused to be mailed or delivered by Defendant (iii) that contained the phrase "If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

20. Plaintiff alleges on information and belief that Defendant's practice of sending initial communication letters that were purported to be sent by and did not contain the disclosures required by *15 U.S.C. § 1692g(a)* served upon the Class is so numerous that joinder of all members of the Class is impractical.

21. There are questions of law or fact common to the Class. The common issues predominate over any issues involving only individual Class members. The common legal and

factual issue to each Class member is that each was mailed or delivered an initial communication letter by Defendant that did not contain the disclosures required by *15 U.S.C. § 1692g(a).*

22. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

23. Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

24. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25. Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; her appointment as Class Representative; and that her attorney Leo W. Desmond be appointed Class Counsel.

### COUNT I CLASS CLAIM
### VIOLATION OF *15 U.S.C. § 1692g(a)*

26. Plaintiff re-alleges Paragraphs 1 through 18.

27. After an initial communication with Plaintiff, pursuant to *15 U.S.C § 1692g(a)* the Defendant must provide the Plaintiff with:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information

5

is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period **that the debt, or any portion thereof, is disputed**, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

28. *15 U.S.C. § 1692g(b)* states:

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication

6

    during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

29. Pursuant to the *FDCPA,* the Demand Letter was an initial communication between Defendant and Plaintiff.

30. Defendant's Demand Letter did not contain the disclosures required by *15 U.S.C. § 1692g(a)* of the *FDCPA*.   Defendant has attempted to mislead the Plaintiff and the Class into believing that the Demand Letter contained the proper notice required under the *FDCPA*.

31. Defendant's Demand Letter is misleading to the least sophisticated consumer with regard to his/her legal rights as it incorrectly omits that the consumer may dispute the debt or any portion of the debt, despite the clear wording of *15 U.S.C. § 1692g(a)(4)*.

32. Defendant's Demand Letter is misleading to the least sophisticated consumer with regards to his/her legal rights as the consumer must dispute the debt or any portion of the debt, in writing, to invoke the protections provided by *15 U.S.C. § 1692g(b)*.

33. Defendant's Demand Letter is misleading to the least sophisticated consumer with regards to his/her legal right as the statement "If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." overshadows *15 U.S.C. § 1692g(a)(3)* and appears to require a writing requirement in order for the consumer to dispute the debt when *15 U.S.C. § 1692g(a)(3)* contains no writing requirement in order to dispute the debt.

34. Defendant's Demand Letter does not state what specifically the consumer must notify the Defendant of in order to require the Defendant to provide proof of the debt.  Defendant's wording suggests that any notification in writing by the consumer will invoke the Defendant's obligation to provide proof of the debt which is incorrect as a matter of law.

35. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

36. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

### COUNT II CLASS CLAIM
### VIOLATION OF *15 U.S.C. § 1692e*

37. Plaintiff re-alleges Paragraphs 1 through 18 and 27 through 34.

38. *15 U.S.C. § 1692e(10)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

39. Defendant sent a Demand Letter to Plaintiff that was an initial communication used in the collection of a debt between Defendant and Plaintiff.

40. Defendant's omission of the phrase that Plaintiff may dispute the debt or any portion thereof of the debt, as stated in *15 U.S.C. § 1692g(a)(4)* is misleading and confusing and therefore violates *15 U.S.C. § 1692e*.

41. Defendant's Demand Letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

42. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. § 1692k*.

8

43. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. § 1692k*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying the *FDCPA* matter as a Class Action and appointment of Plaintiff as Class Representative;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d. An award of attorney's fees, litigation expenses and costs of the instant suit;

e. Any and all prejudgment interest rendered by law; and

Such other and further relief as the Court deems proper.

Dated: September 22, 2016.

Respectfully submitted,

By:/s/ *Leo W. Desmond*
Leo W. Desmond, Esq.
Florida Bar No. 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@verobeachlegal.com
*Attorney for Plaintiff*

*/s/ Sovathary K. Jacobson*
Sovathary K. Jacobson, Esq.
Florida Bar No. 102200
DESMOND LAW FIRM, P.C.
5070 Highway A1A
Suite D
Vero Beach, Florida 32963

Telephone: 772. 231.9600
Facsimile: 772.231.0300
jacobson@verobeachlegal.com
*Attorney for Plaintiff*