**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 2:16-cv-14415-DMM

TERI FREUND, *on behalf*
*of herself and all others similarly situated,*

Plaintiff,

v.

CREDIT CONTROL SERVICES, INC.,
*a Delaware Corporation,*

Defendant.
_________________________________________/

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, Teri Freund, ("Plaintiff"), through the undersigned counsel, pursuant to *Fed. R. Civ. P. 37(a),* seeks an Order waiving any and all objections, not based upon privilege, and compelling Defendant, Credit Control Services, Inc., ("Defendant"), to fully and completely produce responsive documents to Plaintiff's First Set Of Requests For Production of Documents, Numbers 4, 21, 22, 23 and 24. As grounds in support thereof, Plaintiff states as follows:

1. On November 22, 2016, counsel for the Defendant was served with Plaintiff's First Set Of Requests For Production Documents to Defendant (attached hereto as "Exhibit 1").

2. Defendant responded timely to Plaintiff's First Set Of Requests For Production of Documents (attached hereto as "Exhibit 2").

3. Defendant's responses to Plaintiff's First Set Of Requests For Production of Documents, substantially only contained boilerplate objections.

4. A proposed Order is attached hereto as "Exhibit 3."

WHEREFORE, Plaintiff respectfully request this Court enter an Order granting Plaintiff's Motion to Compel Production of Documents,

(a) instructing the Defendant to provide, without objection, all documents relevant to Plaintiff's First Set Of Requests For Production Of Documents, Numbers 4, 21, 22, 23 and 24;

(b) ordering Defendant to pay Plaintiff's reasonable attorney's fees caused by Defendant's failure to produce relevant documents and responses to Plaintiff's discovery requests; and

(c) granting any other and further relief as this Court deems proper under the circumstances.

**MEMORANDUM OF LAW**

The instant motion is timely filed pursuant to *Local Rule 26.1(h)(1)*. Plaintiff is entitled to discovery as to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case . . . [including] a variety of fact-oriented issues [which] may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

In order to decide whether a motion to compel should be granted, the Court must first decide if the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." *Fed. R. Civ. P. 26(b)(1)*. Additionally, *Rule 26(b)* provides, in relevant part, that "[p]arties may obtain discovery regarding any non privileged matter, that is relevant to any party's claim or defense . . ." *Id.*

**DEFENDANT'S BOILERPLATE, NONSPECIFIC OBJECTIONS**
**SHOULD BE SUMMARILY OVERRULED**

Defendant raised general relevancy objections to Requests for Production numbered 4, 21, 22, 23 and 24. These objections state broadly that Plaintiff's requests are overbroad, irrelevant, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The discovery at issue goes to the very heart of this case.

It is Defendant's burden to persuade the Court that the information it has refused to provide is outside the broad scope of discovery. "An objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance and why the information sought will not reasonably lead to admissible evidence." *Ochoa v. Empresas ICA,* 2012 U.S. Dist. LEXIS 111182 *3 (S.D. Fla. August 8, 2012); *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351-52 (1978). Furthermore, as a matter of law, Defendant's boilerplate objections are ineffectual. *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3rd Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'"); *Gaychet v. Royal Caribbean Cruises, Ltd.,* 2012 U.S. Dist. LEXIS 67624 *2 (S.D. Fla. May 15, 2012).

"The parties shall not make nonspecific, boilerplate objections. Such objections do not comply with *Local Rule 26.1(g)(3)(A)*." *Ochoa*, at *2; *Calderon v. Reederei Claus-Peter Offen GmBH & Co.*, 2008 U.S. Dist. LEXIS 76323 *4 (S.D. Fla. Sept. 11, 2008) ("[g]eneric, boilerplate

objections are not sufficient. Rather, a party resisting discovery must make some showing as to how each discovery request is not relevant and/or is overly broad or unduly burdensome.").

Here, Defendant's objections to relevancy are conclusory and without any supporting argument. Defendant simply states in generic fashion that the requests are overbroad, irrelevant, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This assertion is insufficient to form a cognizable objection. The discovery sought by Plaintiff in these requests goes to the very core of this action. Consequently, these objections to relevancy are unsustainable and should be overruled.

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S REQUESTS BASED ON OVERBREADTH AND UNDUE BURDEN SHOULD BE OVERRULED**

Defendant has raised general objections to Plaintiffs' Requests for Production numbered 4, 21, 22, 23 and 24, on grounds that the requests are overbroad, irrelevant, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. All of these objections are boilerplate.

A burdensome objection "must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Sys. v. National Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C. 1984). "[T]he mere statement by a party that [an] interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory." *Josephs v. Harris Corp.,* 677 F.2d at 992; *L.M.P. v. Sch. Bd. of Broward County, Florida,* 2009 U.S. Dist. LEXIS 74288 *13 (S.D. Fla. August 18, 2009) ("The objecting party must do more than 'simply intone [the] familiar litany that the interrogatories are burdensome, oppressive

or overly broad,' quoting *Lane v. Capital Acquisitions,* 242 F.R.D. 667, 670 (S.D. Fla. 2005)"). "Instead, the objecting party must 'show specifically how, despite the broad and liberal construction afforded the federal discovery rules, . . . each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" *Id.* (citations omitted).

An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded. The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the *Federal Rules of Civil Procedure*.

Furthermore, "the proposition that the fact that a party will be put to some trouble and expense in the process of answering interrogatories is not alone sufficient ground for objection." *Federal Deposit Ins. Corp. v. Mercantile Nat'l Bank,* 84 F.R.D. 345, 348 (N.D. Ill. 1979). The unduly burdensome objection "will only be sustained if the objecting party establishes that the burden upon him outweighs the benefit the information would provide the party submitting the interrogatories." *Id.* (citing *Rich v. Martin Marietta Corp.,* 522 F.2d 333 (10th Cir. 1975)). For example, in *Alexander v. Parsons,* 75 F.R.D. 536 (W.D. Mich. 1977), the court held that a discovery request that would "require 2,000 man-hours of labor to search some 57,000 records" would not support a protective order against such request. *Id.* at 538-39.

In this case, the information sought from Defendant is at the heart of this litigation. Defendant cannot possibly show that their "burden," the dimensions of which remain a mystery, would outweigh the benefit to the Plaintiff. The discovery sought in these requests is central to this case.

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND DEFENDANT'S RESPONSES**

**Plaintiff's Document Request No. 4:**

All documents evidencing or including data concerning the names, addresses, telephone numbers, current employers and current whereabouts of each of your employees who engaged or assisted in the collection of the Debt from Plaintiff.

**Defendant's Response:**

Objection. Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks irrelevant information not proportional to the needs of this case. Defendant also object as this request seeks confidential and/or trade secret information and infringes on the privacy rights of third parties. Moreover, Plaintiff has failed to limit the scope of this request to any reasonable time period.

**Plaintiff's Response:**

This document request is highly relevant as it seeks documents for names of persons who are potential witnesses as to the debt collection practice and procedures if highly relevant and necessary to determine the behavior of, and procedures used by Defendant in the collection of debt.

In a similar matter in which the defendant engaged in debt collection and refused to provide discovery documents evidencing or including data concerning the names, addresses, telephone numbers, current employers and current whereabouts of each of your employees who engaged or assisted in the collection of the Debt from Plaintiff. In that matter, Magistrate Judge Lynch ordered the documents to be produce and stated:

> [T]his Court finds that the documents sought...are reasonable. They are relevant to the litigation which is presently before the Court.

*Walker v. Greenspoon Marder, P.A.*, U.S. District Court for the Southern District of Florida, Case No. 13-14487-CIV-MARRA/LYNCH Order on Plaintiffs' Motion to Compel, dated June 12, 2014 [DE 42].

Moreover, this Request is limited in time as Plaintiff's Request for Production of Documents Instruction No. 1 states "Unless otherwise noted, please produce all responsive documents for the period September 21, 2015, to the present."

Lastly, any concerns relating to confidentiality can be dealt with in a Protective Order, which Plaintiff will gladly stipulate to.

**Plaintiff's Document Request No. 21:**

All documents that tend to support Defendant's Sixth Affirmative Defense as stated in [DE 8].

**Defendant's Response:**

Objection. Defendant objects to this request on the grounds that it is overly broad, vague, and unduly burdensome. Moreover, the phrase "that tend to support" is ambiguous and calls for a legal conclusion.

Subject to and notwithstanding the aforementioned objection, Defendant states that the identified Affirmative Defense speaks for itself and that the information responsive to this request, if any, is in the possession, custody and control of Plaintiff.

**Plaintiff's Response:**

This document request is highly relevant as it seeks documents related to the numerosity of the potential class. Defendant's Sixth Affirmative defense is that Plaintiff lacks sufficient numerosity to certify a class. In a similar matter in which a law firm engaged in a statewide

foreclosure practice and stated it did not have the ability to answer because the information was not in its particular records, Magistrate Judge Lynch stated:

> These Requests for Admissions relate to pre-certification discovery relating to numerosity. ...These Requests for Admissions simply seek to determine how many individuals may or may not have received this same "Notice" as was attached to the litigation filed against the Plaintiffs.
>
> If the Defendant filed litigation against individuals, the Defendant's files should accurately reflect how many cases involving such litigation were filed by its offices and which of those actions included the particular Notice which is the subject of the litigation filed against the Plaintiffs.

*Walker v. Greenspoon Marder, P.A.*, Case No. 13-14487-CIV-MARRA/LYNCH Order on Plaintiffs' Motion to Compel, dated June 12, 2014 [DE42].

Furthermore the phrase "that tend to support" is not ambiguous nor does it call for a legal conclusion. "Tend" is defined as "to exhibit an inclination"[1] and "support" is defined as "to promote the interest or cause of" [2], here the plain meaning of the words should control and Defendant should not be able to object to producing documents responsive to Plaintiff's requests simply because it does not understand the plain meaning of the words "tend" and "support."

This Request is narrow in scope and time period, and will directly relate to the required motion for class certification, the Request will lead to vital evidence as to the size of the class and as such merits discovery.

**Plaintiff's Document Request No. 22:**

> All documents that tend to support Defendant's Seventh Affirmative Defense as stated in [DE 8].

---

[1] Source: https://www.merriam-webster.com/dictionary/tend Last Accessed 2/7/2017.

[2] Source: https://www.merriam-webster.com/dictionary/support Last Accessed 2/7/2017.

**Defendant's Response:**

Objection. Defendant objects to this request on the grounds that it is overly broad, vague, and unduly burdensome. Moreover, the phrase "that tend to support" is ambiguous and calls for a legal conclusion.

Subject to and notwithstanding the aforementioned objection, Defendant states that the identified Affirmative Defense speaks for itself and that the information responsive to this request, if any, is in the possession, custody and control of Plaintiff.

**Plaintiff's Response:**

This document request is highly relevant as it seeks documents related to Plaintiff's claim contained in her Complaint, i.e. that she is an adequate class representative. Defendant has asserted in its Seventh Affirmative defense that Plaintiff is not adequate class representative. Plaintiff is in no possession of information to show that she is not an adequate class representative. Furthermore the phrase "that tend to support" is not ambiguous nor does it call for a legal conclusion. "Tend" is defined as "to exhibit an inclination"[3] and "support" is defined as "to promote the interest or cause of"[4], here the plain meaning of the words should control and Defendant should not be able to object to producing documents responsive to Plaintiff's requests simply because it does not understand the plain meaning of the words "tend" and "support."

This Request is narrow in scope and time period, and will directly relate to the required motion for class certification and as such merits discovery.

**Plaintiff's Document Request No. 23:**

All documents that tend to support Defendant's Eighth Affirmative Defense as stated in [DE 8].

---

[3] Source: https://www.merriam-webster.com/dictionary/tend Last Accessed 2/7/2017.

[4] Source: https://www.merriam-webster.com/dictionary/support Last Accessed 2/7/2017.

**Defendant's Response:**

Objection. Defendant objects to this request on the grounds that it is overly broad, vague, and unduly burdensome. Moreover, the phrase "that tend to support" is ambiguous and calls for a legal conclusion.

Subject to and notwithstanding the aforementioned objection, Defendant states that the identified Affirmative Defense speaks for itself and that the information responsive to this request, if any, is in the possession, custody and control of Plaintiff.

**Plaintiff's Response:**

This document request is highly relevant as it seeks documents related to Plaintiff's claim contained in her Complaint, i.e. whether class certification is appropriate in this matter. Plaintiff is in no possession of information to show that class treatment of this matter is "grossly inferior" to individual treatment of this case. Furthermore the phrase "that tend to support" is not ambiguous nor does it call for a legal conclusion. "Tend" is defined as "to exhibit an inclination"[5] and "support" is defined as "to promote the interest or cause of" [6], here the plain meaning of the words should control and Defendant should not be able to object to producing documents responsive to Plaintiff's requests simply because it does not understand the plain meaning of the words "tend" and "support."

This Request is narrow in scope and time period, and will directly relate to the required motion for class certification and as such merits discovery.

**Plaintiff's Document Request No. 24:**

All documents that tend to support Defendant's Ninth Affirmative Defense as stated in [DE 8].

---

[5] Source: https://www.merriam-webster.com/dictionary/tend Last Accessed 2/7/2017.

[6] Source: https://www.merriam-webster.com/dictionary/support Last Accessed 2/7/2017.

**Defendant's Response:**

> Objection. Defendant objects to this request on the grounds that it is overly broad, vague, and unduly burdensome. Moreover, the phrase "that tend to support" is ambiguous and calls for a legal conclusion.
>
> Subject to and notwithstanding the aforementioned objection, Defendant states that the identified Affirmative Defense speaks for itself and that the information responsive to this request, if any, is in the possession, custody and control of Plaintiff.

**Plaintiff's Response:**

This document request is highly relevant as it seeks documents related to Plaintiff's claim contained in her Complaint, i.e. whether class certification is appropriate in this matter. Plaintiff is in no possession of information to show that common questions of law or fact fo not outweigh the individual issues in this matter. Furthermore the phrase "that tend to support" is not ambiguous nor does it call for a legal conclusion. "Tend" is defined as "to exhibit an inclination"[7] and "support" is defined as "to promote the interest or cause of" [8], here the plain meaning of the words should control and Defendant should not be able to object to producing documents responsive to Plaintiff's requests simply because it does not understand the plain meaning of the words "tend" and "support."

This Request is narrow in scope and time period, and will directly relate to the required motion for class certification and as such merits discovery.

**ATTORNEY'S FEES**

If a Plaintiff is successful in obtaining the requested relief, *Fed. R. Civ. P. 37(a)(5)* requires the court, "after giving an opportunity to be heard, . . . [to order] the party . . . whose conduct

---

[7] Source: https://www.merriam-webster.com/dictionary/tend Last Accessed 2/7/2017.

[8] Source: https://www.merriam-webster.com/dictionary/support Last Accessed 2/7/2017.

necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The only exceptions to this Rule occur where the movant filed the motion before trying in good faith to obtain the requested discovery without court intervention, the opposing party's lack of response was "substantially justified," or "other circumstances" would render an award of expenses unjust. *Fed. R. Civ. P. 37(a)(5)(A)(i), (ii), and (iii).*

Plaintiff submits that Defendant's' conduct here is not "substantially justified," nor are there "other circumstances" before the court which would render an award of expenses unjust. Defendant's conduct runs contrary to the principles espoused in the Discovery Practices Handbook that appears at Appendix A to this District's Local Rules. "Discovery in this District is normally practiced with a spirit of cooperation and civility." *Paxton v. Great Am. Ins. Co.*, 2009 U.S. Dist. LEXIS 122600 *24 (S.D. Fla., Dec. 16, 2009) (quoting S.D. Fla. L.R. App. A, I.A.(1)).

WHEREFORE, Plaintiff respectfully request the Court enter an Order granting Plaintiff's Motion to Compel Production Of Documents and awarding the Plaintiff the relief requested therein.

**RULE 37(a) CERTIFICATION**

The undersigned hereby certifies that he has in good faith conferred with the Defendant's counsel regarding Defendant's failure to adequately respond to Plaintiff's discovery requests and was unable to resolve the matter without the Court's intervention.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

The undersigned hereby certifies that the undersigned has conferred with opposing counsel in an effort to resolve the issues raised by this Motion and has been unable to do so.

Respectfully submitted,

*/s/ Leo W. Desmond*

LEO W. DESMOND, ESQUIRE
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: (772) 231-9600
Facsimile: (772) 231-0300
lwd@verobeachlegal.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 20, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. Mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**

Dale T. Golden, Esq.
Joseph C. Proulx, Esq.
GOLDEN SCAZ GAGAIN, PLLC
201 North Armenia Avenue
Tampa, Florida 33609
gdolden@gsgfirm.com
jrpoulx@gsgfirm.com
*Attorneys for Defendant*

Respectfully submitted,

*/s/ Leo W. Desmond*
LEO W. DESMOND, ESQUIRE
Florida Bar No. 0041920
5070 Highway A1A
Suite D
Vero Beach, Florida 32963
Telephone: (772) 231-9600
Facsimile: (772) 231-0300
lwd@verobeachlegal.com

*Attorney for Plaintiff*